**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT PIKEVILLE**

**CIVIL ACTION NO. 21-47-DLB**

ANGELA MAY, *as Administratrix of
the Estate of* Donnie May                                                          PLAINTIFF

v.                                                **MEMORANDUM ORDER**

MERCY AMBULANCE OF EVANSVILLE, *et al*.                         DEFENDANTS

\*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*  \*\*\*

**I.      INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. # 5). Plaintiff Angela May, acting as administratrix of the Estate of Donnie May, initially filed suit in Floyd Circuit Court, bringing negligence, vicarious liability, and wrongful death claims against Defendants Mercy Ambulance of Evansville d/b/a Lifeguard Ambulance ("Lifeguard") and two of Lifeguard's employees listed as "Unknown Defendants." (Doc. # 1-1). Defendants then removed the action to this Court. (Doc. # 1). Because Plaintiff is mistaken that complete diversity is destroyed by the fictitious "Unknown Defendants" in this case, Plaintiff's Motion to Remand this action to Floyd Circuit Court is **denied**.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

On or about May 16, 2020, Donnie May, now deceased, was transported in a Lifeguard ambulance from his home in McDowell, Kentucky to McDowell ARH Hospital. (Doc. # 1-1 ¶ 5). The two Unknown Defendants allegedly dropped the decedent while transporting him into the ambulance, which caused him injuries. (*Id.* ¶¶ 6-7). Count I of the Complaint alleges Lifeguard was negligent for failing to exercise ordinary care while

1

transporting patients. (*Id.* ¶¶ 11-12). Count II alleges that the Unknown Defendants were negligent in transporting the decedent. (*Id.* ¶¶ 15-17). Count III asserts a vicarious liability theory alleging that Unknown Defendants were acting within the scope and course of their employment with Lifeguard. (*Id.* ¶ 21). Count IV is for the alleged wrongful death of decedent-May caused by Defendants' actions. (*Id.* ¶¶ 26-27). Plaintiff, on behalf of May's estate, lists several categories of damages including, past and future medical expenses; past and future lost wages; permanent impairment; the pecuniary loss and mental anguish/emotional pain of May's heirs caused by the death of their father. (*Id.* at 6).

Decedent was a resident of Kentucky. (*Id.* ¶¶ 1-2). Defendant Lifeguard is a foreign corporation with its principal place of business located in Colorado. (Doc. # 1 at 2). To date, it is unclear whether the Unknown Defendants are citizens of Kentucky. (Doc. # 1-1 ¶ 4). Following the filing of Plaintiff's Complaint on May 14, 2021 in Floyd Circuit Court, Defendants timely removed the action to the Eastern District of Kentucky. (Docs. # 1-1 and # 1). One month later, Plaintiff filed a Motion to Remand this action back to Floyd Circuit Court arguing that Defendants have failed to meet their burden of proving complete diversity. (Doc. # 5 at 2-3). Defendants filed their Response, (Doc. # 6), asserting that the citizenship of fictitiously named defendants is disregarded for diversity purposes.

## III. ANALYSIS

### A. Diversity Jurisdiction

A defendant may remove a civil action brought in state court to a federal court embracing the place where such action is pending only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446.

2

This Court has original "diversity" jurisdiction of all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" those who are "citizens of different states." *See* 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to attach, "'all parties on one side of the litigation [must be] of a different citizenship from all parties to the other side of the litigation.'" *Coyne v. Amer. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)). The party seeking removal bears the burden of establishing the right to removal. *Id.* at 493 (citations omitted).

### 1. *Amount in Controversy Requirement*

As an initial matter, the Court must decide whether Plaintiff's claim meets the amount in controversy requirement necessary for this Court to exercise diversity jurisdiction. The Sixth Circuit requires "the removing defendant [to] show that it is 'more likely than not' that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). This "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Gafford*, 997 F.2d at 150. The Sixth Circuit has allowed consideration of whether it is "facially apparent" from the complaint that the damages are likely above the jurisdictional requirement. *Rotschi v. State Farm Mut. Auto. Ins. Co.*, 114 F.3d 1188, 1997 WL 259352, at *4 (6th Cir. 1997) (unpublished table decision).

While Plaintiff's Complaint does not offer a numerical amount, the categories of damages are numerous. (Doc. # 1-1 at 6). Lifeguard argues that it is facially apparent

from the Complaint that the amount in controversy is met. (Doc. # 1 at 3). Plaintiff seeks damages for: past and future medical expenses; past and future lost wages; permanent impairment; past and future pain; suffering and mental anguish; miscellaneous expenses and replacement services; an enhancement instruction for increased risk of future harm; injuries and damages, permanent disfigurement; loss of society; pecuniary loss and mental anguish/emotional pain of the heirs of the deceased. (Doc. # 1-1 at 6). With eight categories of damages listed in the Complaint, this Court finds that it is facially apparent that the amount in controversy more likely than not exceeds $75,000. The amount in controversy requirement necessary for diversity jurisdiction is therefore satisfied.

## 2.  *Diversity of Citizenship Requirement*

Complete diversity requires that the citizenship of each plaintiff in the action is diverse from the citizenship of each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). For a natural born person, citizenship is determined by the place the person is domiciled. *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). To acquire a domicile within a particular state, "a person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Id.* However, "[i]n determining whether a civil action is removable on the basis of [diversity] jurisdiction . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Conversely, if the complaint provides a description of a fictitious defendant in such a way that his identity could not be reasonably questioned, then the fictitious defendant's

citizenship can be considered for diversity purposes.  *See Musial v. PTC All. Corp.*, No. 5:08CV-45R, 2008 WL 2559300, at *3 (W.D. Ky. June 25, 2008) (citing *Marshall v. CSX Transp. Co.*, 916 F. Supp. 1150, 1152 (M.D. Ala. 1995)).  The fact that "the defendant was in a better position than the plaintiff to ascertain the citizenship of the non-diverse defendant at the commencement of the action in state court is a factor that weighs in favor of considering a fictitious defendant's citizenship for diversity purposes." *Id.*

As an initial matter, the Complaint does not provide a description of the Unknown Defendants other than one employee was a male and the other female.  (Doc. # 1-1 ¶ 6). Unless Lifeguard only has two employees, the gender of the two defendants is not sufficiently descriptive that their identity cannot be "reasonably questioned," therefore their citizenship shall be disregarded in accordance with 28 U.S.C. § 1441(b).  *See Musial*, 2008 WL 2559300, at *3 (citations omitted); *Allen v. Frasure Creek Mining Co.*, No. 12-110-GFVT, 2021 WL 12924816, at *2 (E.D. Ky. Sept. 19, 2021) (noting that bland descriptions of unknown Defendants such as "employees who made the decision to conduct unauthorized mining," are insufficient).

While Lifeguard is likely in a better position than Plaintiff to ascertain the citizenship of its own employees, this Court does not find that reason alone sufficient to compel inclusion of the Unknown Defendants' citizenship for diversity purposes.  If Unknown Defendants are later established to be citizens of Kentucky, then complete diversity may be subsequently questioned, and remand may be appropriate, but such is not the case based on the current record.

Therefore, the only parties whose citizenship is relevant for the purposes of determining diversity jurisdiction are decedent-May and Defendant Lifeguard.  *See Miller*

5

*v. Arbors at Gallipolis*, No. 07-1295, 2008 WL 4791294, at *2 (S.D. Ohio Oct. 31, 2008) (examining a decedent's domicile for diversity purposes); *Persinger v. Extendicare Health Servs., Inc.*, 539 F. Supp. 2d 995, 998-99 (S.D. Ohio 2008) (analyzing decedent's domicile in wrongful death action for diversity jurisdiction). Plaintiff's Complaint makes clear that the deceased "is, and was at all times relevant herein, a resident of . . . Kentucky." (Doc. # 1-1 ¶¶ 1-2). Plaintiff states in the Complaint that Defendant Lifeguard is domiciled in Colorado, (*Id.* ¶ 3), and Lifeguard states in its Notice of Removal that it is "a foreign corporation registered outside of the Commonwealth of Kentucky," with its principal place of business in Colorado, (Doc. # 1 at 2). So, the decedent was a citizen of Kentucky while Defendant Lifeguard is a citizen of a foreign state and Colorado. *See* 28 U.S.C. § 1332(c)(1); *see also Stifel*, 477 F.2d at 1120. As such, complete diversity of citizenship exists in this case and removal was proper.

IV.     **CONCLUSION**

Accordingly, for the reasons stated herein, **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. # 5) is **DENIED**.

This 4th day of November, 2021.



Signed By:
*David L. Bunning*   DB
United States District Judge

K:\DATA\ORDERS\PikeCivil\2021\21-47 Order Denying Remand to State Court.docx